**Fill in this information to identify the case:**

Debtor name: **VICTOR ALEJANDRO SORIANO**

United States Bankruptcy Court for the: DISTRICT OF NEVADA

Case number (if known): 23-12257

☑ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11  02/20

VICTOR ALEJANDRO SORIANO's Plan of Reorganization #3, Dated January 17, 2024

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The debtor, unfortunately, experienced significant personal hardship over recent years, culminating in the need to seek relief under Chapter 11 Subchapter V of the Bankruptcy Code. As the debtor recognized these challenges, efforts were made to reverse the tide, but they were disrupted by the COVID-19 pandemic. The crisis presented an environment rife with uncertainty and anxiety, impacting not only the debtor but also his family - a daughter and two grandchildren - that were relying on his stability.

Despite attempts to secure refinancing of property as a solution, the efforts fell through. In recent months, the debtor has begun taking steps towards financial rehabilitation. This includes implementing measures to reduce personal expenses, exploring opportunities for new income streams, personally undertaking property management maintenance to save on expenses, and starting a new cleaning and disinfection business leveraging the debtor's extensive experience in the field. On top of this, the Debtor is renting out two real estate properties he owns on a short term rental basis.

**B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **A**.

**C. Ability to make future plan payments and operate without further reorganization**

This plan does not rely solely on the future earnings of the Debtor, but instead provides for a liquidation of the Debtor's primary assets in order to fund the plan.

**You should Consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:   **0**   classes of priority claims;
                          **3**   classes of secured claims;
                          **1**   classes of non-priority unsecured claims; and
                          **0**   classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **0** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | Class 1 | The secured claim of IRS, to the extent allowed as a secured claim under § 506(a) of the Code. |
| 2.02 | Class 2 | The secured claim of The Bank of New York Mellon, to the extent allowed as a secured claim under § 506(a) of the Code. |
| 2.03 | Class 3 | The secured claim of U.S. Bank National Association |
| 2.04 | Class 4 | All non-priority unsecured claims allowed under § 502 of the Code. |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

Debtor **VICTOR ALEJANDRO SORIANO**  
Name

Case number (*if known*) **23-12257**

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
|---|---|---|
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |

| Administrator | Amount Due | Terms of Payment |
|---|---|---|
| **Fair Fee Legal Services** | | Debtor's Counsel shall be entitled to reasonable compensation of fees for services rendered and reimbursement of actual and necessary expenses incurred through the Effective Date of the Plan, pursuant to and consistent with § 330(a)(1) of the Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the U.S. Trustee's Programs Guidelines for Compensation and Reimbursement of Expenses. |
| **SubChapter V Trustee** **Timothy Nelson** | | The Subchapter V Trustee(s) shall be entitled to reasonable compensation of fees for services rendered and reimbursement of actual and necessary expenses incurred through the Effective Date of the Plan, pursuant to and consistent with § 330(a)(1) of the Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the U.S. Trustee's Programs Guidelines for Compensation and Reimbursement of Expenses. |

| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code beginning on the first day of the month following confirmation.

The Internal Revenue Service has a priority tax claim against **Victor Alejandro Soriano** in the amount of **$953.98**. Debtor shall begin disbursing payments to the IRS beginning on the first day of the month following confirmation, and continue for a term of 6 months or until paid in full at 0% interest. It is anticipated that the monthly payments will be **$159.00,** and the full claim amount shall be paid in full within 6 months of the effective date of the plan. |
|---|---|---|
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | None |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|

Debtor **VICTOR ALEJANDRO SORIANO**   Case number (*if known*) 23-12257
Name

| | | |
|---|---|---|
| Class 1 – **Secured claim of the IRS** in the amount of $71,125.44 | ☒ Impaired<br>☐ Unimpaired | The claim of the Internal Revenue Service (hereinafter "IRS"), purportedly secured by Debtor's Property and asserted in the amount of $71,125.44, is determined to be unsecured pursuant to the valuation principles outlined in 11 U.S.C. § 506(a). Given that the current estimated value of the property is approximately $560,000 and it is subject to a pre-existing mortgage lien with a balance of approximately $752,614, the position of the IRS lien is effectively subordinate, rendering it entirely unsecured.<br><br>Consequently, despite the IRS's claim of a secured interest, it shall be treated as wholly unsecured within this plan. Pursuant to 11 U.S.C. §§ 506(a) IRS Tax Lien Claim shall not be recognized as secured, and may not be enforced as such.<br><br>The entirety of the IRS claim will be administered as a general unsecured claim, as delineated in Class 4 of this plan |
| Class 2 – **Secured claim of** The Bank of New York Mellon in the amount of $752,614.57 | ☐ Impaired<br>☒ Unimpaired | The Claim of Bank of New York Mellon shall be unimpaired in compliance with §1128(b)(5) and the Debtor shall immediately list the collateral for sale for an amount that will satisfy Bank of New York Mellon's claim in its entirety, within a period of not more than six months.  Adequate protection payments, pursuant to the Court's order [ECF102], shall continue until the sale and payoff of the property. |
| Class 3 – **Secured claim of** U.S. Bank National Association in the amount of $642,712.29 | ☐ Impaired<br>☒ Unimpaired | The Claim of U.S. Bank National Association shall be paid in its entirety.  Debtor shall pay pursuant to the terms of the existing loan, and shall immediately list the collateral for sale for an amount that will satisfy U.S. Bank National Association's claim in its entirety, within a period of not more than six months.  Adequate protection payments, pursuant to the Court's order [ECF102], shall continue until the sale and payoff of the property |
| **Class 4– Non-priority unsecured creditors** | ☒ Impaired<br>☐ Unimpaired | Based on the debtor's financial analysis, the debtor has a disposable income of $0. Furthermore, a liquidation analysis of the debtor's assets has indicated a liquidation value of $0. Given the aforementioned financial conditions, members of the general unsecured class of non-priority creditors shall receive no payments under this plan. |

## Article 5: Allowance and Disallowance of Claims

5.01 **Disputed Claim**   A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of distribution on a disputed claim**   No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 **Settlement of disputed claims**   The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

6.01 **Assumed executory contracts and unexpired leases**

(a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

N/A

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than __30__ days after the date of the order confirming this Plan.

Debtor  **VICTOR ALEJANDRO SORIANO**                                          Case number (*if known*)  **23-12257**
        Name

### Article 7: Means for Implementation of the Plan

The Debtor will immediately list for sell, and sell both real estate properties as soon as practicable following confirmation of the plan, with the sales anticipated to occur not more than six (6) months following the effective date of the plan. Any liens against the debtor's property will either be satisfied as per the provisions outlined elsewhere in this plan or may be modified as necessary to facilitate the implementation of the plan.

### Article 8: General Provision

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Retention of Jurisdiction** | Following the effective date of this plan, the bankruptcy court shall retain expansive jurisdiction over this case as permitted by the Bankruptcy Code. This includes ensuring the plan's proper implementation, determining applications for compensation and reimbursement, resolving disputes related to this plan's interpretation or associated agreements, adjudicating matters related to claims or interests, and determining issues related to taxes in accordance with the Bankruptcy Code. Additionally, the court will retain the authority to adjudicate any proceedings involving the debtor, whether initiated before or after the plan's effective date. This retention of jurisdiction will not limit parties' rights to litigate in other courts, provided such litigation does not disrupt this plan's execution. |

### Article 9: Discharge

**Discharge if the Debtor is an individual under Subchapter V**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:

(i) imposed by this Plan; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

[Insert other provisions, as applicable.]

| Debtor | **VICTOR ALEJANDRO SORIANO** | Case number *(if known)* | **23-12257** |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| 10.01 | **Consensual versus Non-consensual** | If this Plan is confirmed under § 1191(a) (i.e., a 'consensual' plan):<br><br>· The Debtor shall make all plan payments, not the Trustee; and<br>· Pursuant to § 1183(c)(1), the Trustee's duties shall terminate upon substantial consummation of the Plan.<br><br>If this Plan is confirmed under § 1191(b) (i.e., a 'non-consensual' plan):<br><br>· Pursuant to the exception found in § 1194(b), the Debtor shall make all plan payments, not the Trustee; and<br>· The Trustee shall remain as trustee for the life of the Plan, and continue in his duties in conformance with § 1183 and the provisions of this Plan. |
| 10.02 | **Substantial Consummation** | The term "substantial consummation" is defined per § 1101(2). This term shall, for the purposes of the Plan, mean Debtor's commencement of distributions under the Plan. |
| 10.03 | **Notice of Substantial Consummation** | Pursuant to § 1183(c)(2), not later than 14 days after the plan of the debtor is substantially consummated, the Debtor shall file with the Court and serve on the Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation. |
| 10.04 | **Notice of Effective Date** | Within two business days of the Effective Date, the reorganized Debtor or any other authorized parties who have been charged with administering the confirmed plan shall file a Notice of Occurrence of the Effective Date with the Bankruptcy Court, identifying the Effective Date and indicating that it has occurred. |
| 10.05 | **Local Rule 3022 Inapplicable** | Local Rule 3022 shall not apply to this Debtor or this Plan, and thus this Chapter 11, Subchapter V case will not be deemed fully administered 180 days after Plan confirmation pursuant to that Local Rule, and thus the Clerk shall not enter a final decree pursuant to that Local Rule. A final decree and/or order closing this Case shall not be entered unless and until an affirmative motion for final decree is filed by the Debtor, the U.S. Trustee and interested parties are provided with sufficient notice and an opportunity to be heard and an order granting the motion for final decree is entered by the Court. |
| 10.06 | **No non-consensual, non-debtor third party release** | No provision or language contained in this Plan constitutes a non-consensual, non-debtor, third party release violating 9th Circuit law. |
| 10.07 | **Monthly Operating Reports** | The Debtor shall timely file all required monthly operating reports and supporting documents through the Effective Date of this Plan. |

Respectfully submitted,

X /s/ VICTOR ALEJANDRO SORIANO  
[Signature of the Plan Proponent]

VICTOR ALEJANDRO SORIANO  
[Printed name]

X /s/ Seth D Ballstaedt, Esq.  
[Signature of the Attorney for the Plan Proponent]

Seth D Ballstaedt, Esq.  
[Printed name]