1

**TIFFANY & BOSCO, P.A.**
Krista J. Nielson, Esq.

2

Nevada Bar No. 10698
Regina A. Habermas, Esq.

3

Nevada Bar No. 8481
10100 W. Charleston Boulevard, Suite 220

4

Las Vegas, NV 89135
Telephone:  702 258-8200

5

Fax:  702 258-8787

6

nvbk@tblaw.com
TB File No. 23-72012

7

8

Attorneys for *Secured Creditor* NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2007-OA3 Mortgage Pass-Through Certificates, Series 2007-OA3

9

10

**UNITED STATES BANKRUPTCY COURT**

11

**DISTRICT OF NEVADA**

12

IN RE:                                                  BK Case No. 23-12257-mkn

13

VICTOR ALEJANDRO SORIANO AKA        Chapter 11

14

VICTOR ALENJANDRO SORIANO
FLORES AKA VICTOR A. SORIANO,        **OPPOSITION TO SECOND**

15

**RENEWED MOTION TO VALUE**
                    Debtor.                    **COLLATERAL PURSUANT**

16

**TO §506(A)**

17

18

**OPPOSITION TO SECOND RENEWED MOTION TO VALUE**
**COLLATERAL PURSUANT TO §506(A)**

19

20

        NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of

21

New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the

22

CWALT, Inc., Alternative Loan Trust 2007-OA3 Mortgage Pass-Through Certificates,

23

Series 2007-OA3 ("Creditor"), a secured creditor in the above-captioned bankruptcy

24

proceeding, hereby submits the following Opposition to Debtor's Second Renewed Motion

25

to Value Collateral Pursuant to §506(a) (Docket Number 121).  This Opposition is based on

26

the authorities cited herein and on such additional submissions and argument as may be

presented at or before the hearing.

1

# I.    STATEMENT OF FACTS

### A.  Creditor's Mortgage Loan and Proof of Claim

Creditor's claim is evidenced by a promissory note executed by Debtor and dated November 20, 2006, in the original principal sum of $430,000.00 (the "Note").  *See* Claim Number 8 on the Claims Register.  The Note is secured by a deed of trust (the "Deed of Trust") recorded in first position against the real property commonly known as 8660 Giles Street, Las Vegas, NV 89123 (the "Property").  *Id*.  Creditor holds possession of the Note, which is indorsed in blank.  *Id*.  The beneficial interest in the Deed of Trust was also subsequently transferred to Creditor.  *Id*.  Together, the Note and Deed of Trust are collectively referred to hereafter as the "Loan."

In June 2008, Debtor executed a Loan Modification Agreement in which Debtor acknowledged the unpaid principal balance on the loan had increased to $464,016.07 and pursuant to which the adjustable interest rate on the loan was altered.  *Id*.  In August 2009, Debtor executed a second Loan Modification Agreement in which he acknowledged the unpaid principal balance on the loan had increased to $480,801.67 and pursuant to which the interest rate was again altered.  *Id*.  The Note, Deed of Trust, and two Loan Modification Agreements are collectively referred to hereafter as the "Loan."

Creditor filed its Proof of Claim in the Instant Bankruptcy, which is secured by the Property, on August 11, 2023.  *See* Initial Claim Number 8 on the Claims Register.  Creditor later filed an amended Proof of Claim, secured by the Property, identifying a total claim of $752,614.57, including pre-petition arrears of $405,715.50.  *See* Amended Claim Number 8 on the Claims Register.  As of the filing of the Petition, Creditor had advanced more than $51,000.00 for the payment of taxes and insurance on the Property.  *Id*.  The monthly payment due on the Loan was $2,885.08.  *Id*.  The Loan was contractually due for the August 1, 2011 payment, due more than twelve years ago, and Creditor had only received one payment from Debtor between November 21, 2019 and June 2, 2023 when

the Instant Bankruptcy was filed.  *Id*.

### B.  Debtor's Prior Bankruptcy Actions

Since 2013, Debtor has filed five prior bankruptcy cases, all of which were dismissed due to Debtor's failure to comply with the Bankruptcy Code.  First, on May 30, 2013, Debtor filed a joint voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was assigned case number 13-14770 (the "First Bankruptcy").[1]  The First Bankruptcy was dismissed on December 18, 2014 upon the U.S. Trustee's Motion to Dismiss due to Debtors' "failure to expeditiously prosecute the case as fiduciaries to their creditors".  *See* First Bankruptcy Docket Numbers 39 and 43.

On January 29, 2016, the Debtor filed another voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was assigned case number 16-10429 (the "Second Bankruptcy").  Once again, the U.S. Trustee sought conversion or dismissal of the case and the Second Bankruptcy was ultimately dismissed on January 11, 2017.  *See* Second Bankruptcy Docket Numbers 81 and 90.

Approximately two (2) months after the Second Bankruptcy was dismissed, on March 27, 2017, the Debtor filed another voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was assigned case number 17-11472 (the "Third Bankruptcy").  The Third Bankruptcy was dismissed on August 19, 2019 upon the motion of Creditor.  *See* Third Bankruptcy Docket Numbers 85 and 91.

While the Third Bankruptcy case was still active and pending, on June 11, 2019, Debtor filed yet another voluntary petition for relief under Chapter 11 of the Bankruptcy Code and was assigned case number 19-13714 (the "Fourth Bankruptcy").  The Fourth

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the papers and pleadings on file and part of the record in Debtor's prior bankruptcy actions and the Instant Bankruptcy.

Bankruptcy was dismissed on February 24, 2020 upon the motion of Creditor.  *See* Fourth Bankruptcy Docket Numbers 26 and 100.

Finally, on January 31, 2023, Debtor filed yet another voluntary petition for relief, this time under Chapter 13 of the Bankruptcy Code, and was assigned case number 23-10313 (the "Fifth Bankruptcy").  The Fifth Bankruptcy was dismissed on March 31, 2023 for failure to file required documents under Section 521(i).  *See* Fifth Bankruptcy Docket Numbers 12 and 13.

### C.  The Instant Bankruptcy

A little more than two months after the Fifth Bankruptcy was dismissed, on June 2, 2023, Debtor filed the bare bones Petition that initiated the above-captioned action (the "Instant Bankruptcy").  *See* Docket Number 1.  On August 2, 2023, Debtor filed an initial Motion to Value Collateral of Mortgage Loan Pursuant to §506(A) (the "First Motion to Value"), seeking to value the Property at $560,000.00 and bifurcate Creditor's claim.  *See* Docket Number 31.[2]  On August 16, 2023, Creditor filed its Opposition to the First Motion to Value and established that Debtor had failed to satisfy his burden to demonstrate the Property should be valued at $560,000.00 or that Creditor's claim should be bifurcated. *See* Docket Number 40.

The same day Creditor filed its Opposition to the First Motion to Value, Debtor filed an Application to Employ Realty One Group to List Certain Real Property on a Commission Bases Pursuant to U.S.C. 327(a) and 328(a) and Federal Rules of Bankruptcy Procedure 2014 (Docket Number 41, the "Application to Employ Realtor").  Attached to the Application to Employ Realtor was a listing agreement executed in July 2023, pursuant to which Debtor and Maribel Soriano agreed to list the Property for the price of

---

[2] Creditor referred to this motion as the "Failed Motion to Value" in Creditor's Objection to Confirmation of Debtor's Plan of Reorganization #3, filed at Docket Number 125, and Creditor's Opposition to the Second Motion to Value, filed at Docket Number 79.

$798,888.00.  *Id*. at 41-2, p. 3 of 21.

On August 30, 2023, the Court held an initial hearing on the First Motion to Value. *See* Docket Number 48.  During that hearing, the Court noted Creditor opposed the First Motion to Value and continued the hearing so that Debtor could provide some evidence the Property was not Debtor's principal residence despite the fact that the Property was Debtor's residence during the Fifth Bankruptcy.  The Court set September 13, 2023 as the deadline for Debtor to file a supplement.  The Court then continued the hearing on the First Motion to Value to September 27, 2023.

Debtor failed to file any supplement to the First Motion to Value.  *See generally* Docket.  As a result, during the continued hearing on September 27, 2023, the Court denied the First Motion to Value.  The Court also denied the Motion to Use Cash Collateral during the September 27, 2023 hearing.  The Orders denying the First Motion to Value and Motion to Use Cash Collateral were entered on the Docket on October 11, 2023.  *See* Docket Numbers 67 and 68.

While the First Motion to Value was pending, on August 31, 2023, Debtor filed an initial Plan of Reorganization for Small Business Under Chapter 11.  *See* Docket Number 49.  On September 5, 2023, only a few days later, Debtor filed Amended Plan of Reorganization #2 (Docket Number 50, "Plan #2").  Creditor's claim was classified as a secured claim in Class 2 and Debtor proposed a cram down and bifurcation of the claim based upon the alleged valuation of the Property at $560,000.00.  *Id*.

On October 6, 2023, Debtor filed a Renewed Motion to Value Collateral of Mortgage Loan Pursuant to §506(A) (the "Second Motion to Value"), seeking to value the Property at $605,000.00 and bifurcate Creditor's claim based upon that valuation.  *See* Docket Number 60.[3]

---

[3] Creditor referred to this motion as the "Submitted Motion to Value" in Creditor's Objection to Confirmation of Debtor's Plan of Reorganization #3, filed at Docket

On October 25, 2023, Creditor filed its Opposition to the Second Motion to Value and established that Debtor had once again failed to satisfy his burden to demonstrate that the Property should be valued at $605,000.00 or that Creditor's claim should be bifurcated. *See* Docket Number 79.  On November 8, 2023, the Court conducted an initial hearing on the Second Motion to Value, granted Debtor's request for yet another continuance, and continued the hearing to November 28, 2023.  *See* Docket Number 85.

On January 17, 2024, Debtor filed Plan of Reorganization #3 (Docket Number 107, "Plan #3").  Creditor's claim is treated in Class 2 of Plan #3 and Section 2.02 states that Creditor has a claim "to the extent allowed as a secured claim under § 506(a) of the Code."  *Id*.  However, Section 4.01 states,

> *The Claim of Bank of New York Mellon shall be unimpaired in compliance with §1128(b)(5) and the Debtor shall immediately list the collateral for sale for an amount that will satisfy Bank of New York Mellon's claim in its entirety, within a period of not more than six months.  Adequate protection payments, pursuant to the Court's order [ECF 102], shall continue until the sale and payoff of the property.*

*Id*.  On February 5, 2024, the Court entered an Order setting the confirmation hearing on Plan #3 for March 20, 2024.  *See* Docket Number 112.

On February 21, 2024, Debtor filed the Second Renewed Motion to Value Collateral Pursuant to §506(A) (Docket Number 121, the "Third Motion to Value") concerning the Property.  Contrary to the First Motion to Value and Second Motion to Value, in this third iteration of the motion, Debtor admits Creditor's claim cannot be modified because it is secured by Debtor's principal residence.  *Id*. at 2:7-9.  However, the Third Motion to Value states "[t]he value of the Property is anywhere between $560,000.00 and $605,0000.00" and requests that the Court strip the Internal Revenue Service's purportedly wholly unsecured lien from the Property.  *Id*. at 2:4-5 and 3:13-14.

Number 125, and Creditor's Opposition to the Second Motion to Value, filed at Docket Number 79.

6

Although Debtor directed the Court to appraisals previously offered in support of other motions, Debtor failed to attach any evidence to the Third Motion to Value. *See* Docket Number 121.

On or about February 24, 2024, Creditor received a Residential Broker Price Opinion (the "Broker Price Opinion"), a true and correct copy of which is attached hereto as **Exhibit "1."**  The Broker Price Opinion was based upon an exterior inspection and valued the Property at $900,000.00 as of February 23, 2024. *Id*. at p. 1.  The Broker Price Opinion also noted that the Property had been listed for $998,888.00 by Misako Natsuma of Realty One since January 30, 2024. *Id*.

On March 12, 2024, the Court entered its Order denying the Second Motion to Value.  *See* Docket Number 126.  In that Order, the Court identified a number of unanswered questions of fact related to the Property and concluded Debtor failed to make a showing that valuation of the Property was required in this action. *Id*.  The Court also concluded that Debtor failed to carry his burden to establish the value of the Property to the satisfaction of the Court. *Id*.

Creditor now objects to the Third Renewed Motion to Value filed herein by the Debtor.

## II.    ARGUMENT

### A.    DEBTOR HAS AGAIN FAILED TO SATISFY HIS BURDEN TO ESTABLISH THE VALUE OF THE PROPERTY

The Third Motion to Value fails to establish the value of the Property for a number of reasons. First, Debtor has not submitted any evidence with the new motion. *See* Docket Number 121.  Debtor has also not identified the value of the Property he is asking the Court to adopt.  Rather, the Third Motion to Value states the value is "anywhere between $560,000.00 and $605,000.00." *See* Docket Number 121 at 2:4-5 and 3:13-14.  Moreover, the prayer for relief requests the Court "value the Property in accordance with the appraisals provided by Debtor and Lender." *Id*. at 3:23.  As such, the Third Motion to

Value fails to establish a valuation of the Property.

Second, based upon the reference to appraisals provided by the parties, it appears Debtor is attempting to rely upon the appraisal attached to the First Motion to Value (the "June 2023 Appraisal," Docket Number 31-1) and the appraisal attached to Creditor's Opposition to the First Motion to Value (the "February 2023 Appraisal, Docket Number 40, p. 11-42). However, as detailed in Creditor's Opposition to the Second Motion to Value (Docket Number 79), neither of those appraisals is sufficient to establish the value of the Property for purposes of a confirmation hearing being held in March 2024. First, the appraisals are now nine months old and thirteen months old respectively. *Id*. Second, the February 2023 Appraisal was incomplete because the appraiser was denied access to what was described as a "converted garage." *See* Docket Number 40 at p. 14.

Third, the purported range of value of the Property identified in the Third Motion to Value is contradicted by Debtor's actions during the pendency of this case. As noted above, Debtor executed a listing agreement in July 2023, which stated that the listing price for the Property would be $798,888.00. *See* Docket Number 41-2, p. 3. And Debtor listed the Property for sale at the end of January 2024 for $988,888.00. *See* **Exhibit "1"** at p. 1. Debtor's actions demonstrate that Debtor himself does not believe the Property is worth only $560,000.00 to $605,000.00.

Finally, the Broker Price Opinion prepared for Creditor during February 2024 identifies the value of the Property as $900,000.00. *See* **Exhibit "1."** The evidence before the Court demonstrates that questions of fact still remain regarding the value of the Property. Therefore, the Court should deny the Third Motion to Value.

## B.    CREDITOR'S CLAIM IS SUBJECT TO THE ANTI-MODIFICATION PROHIBITION OF 11 U.S.C. § 1123(b)(5)

In the Third Motion to Value, Debtor states that he "is not seeking to modify the Lender's lien because the Property is subject to the anti-modification provision of 11 U.S.C. § 1123(b)(5)." *See* Docket Number 121, p. 2, ¶ 6. Therefore, Debtor now appears

to acknowledge that Debtor cannot modify Creditor's claim and bifurcate it under 11 U.S.C. § 506(a) as the First Motion to Value and Second Motion to Value attempted to do. However, Debtor has maintained inconsistent positions regarding the Property and Creditor's claim during the Instant Bankruptcy. Therefore, Creditor is expressly reserving its right to argue in any proceedings in the Instant Bankruptcy that the Property was Debtor's principal residence when the Instant Bankruptcy was filed.

Creditor also hereby incorporates by reference the Statement of Facts and Argument contained in its Opposition to Renewed Motion to Value Collateral of Mortgage Loan Pursuant to §506(A), Docket Number 79, as if set forth fully herein. Creditor also hereby incorporates by reference the statements in, and evidence attached to, the Declaration of Regina A. Habermas, Esq. in Support of Opposition to Renewed Motion to Value Collateral of Mortgage Loan Pursuant to §506(A), Docket Number 80, as if set forth fully herein.

Once again, based upon the record before the Court, Debtor has not established that he is entitled to the relief he seeks in the Third Motion to Value and the Court should deny that motion in its entirety.

WHEREFORE, Creditor prays as follows:

1. That Debtor's Motion to Value be denied;

2. For attorney's fees and costs incurred herein;

3. For such other and further relief as this Court deems just and proper.

DATED this 13th day of March, 2024.


TIFFANY & BOSCO, P.A.

By /s/ Regina A. Habermas, Esq.
REGINA A. HABERMAS, ESQ.
Attorney for Secured Creditor
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135

# EXHIBIT "1"

# EXHIBIT "1"

# RESIDENTIAL BROKER PRICE OPINION

Date: 02/23/2024

This BPO is the ☐ Interior ☐ 2nd Opinion ☐ Updated ☑ Exterior Only

Property Address: 8660 Giles St          City: Las Vegas          State: NV     Zip: 89123     County: Clark

Borrower's Name: VICTOR SORIANO          Completed By: Michael Rivera
Ordered Date: 02/20/2024          Firm Name: Keller Williams
Inspection Date: 02/22/2024
Distance to Property: 5     miles          Expiry Date: 05/31/2025
Completed Date: 02/23/2024     Years of Experience: 25

## I. GENERAL MARKET CONDITIONS

Current Market Conditions: ☐ Declining ☐ Stable ☑ Increasing     Is this county currently declared a disaster area?  No
Employment Conditions: ☐ Declining ☐ Stable ☑ Increasing
Market Price of this type Property has: ☐ Decreased ☐ Increased ☐ Remained Stable  3  % Change
Estimated percentages of Owner vs. Tenants in Neighborhood: 80     % Owner  20     % Tenant
There are ☐ Decreasing ☐ Increasing ☑ Stable Comparable Listings in the Neighborhood.
Approximate number of Comparable units for sale in Neighborhood: 24          Number of Boarded or Blocked-up homes: 0
Number of Competing Listings in Neighborhood that are REO or Corporate owned: 0          Is this an REO or Short Sale driven area? 0

## II. SUBJECT MARKET ABILITY

Range of Sales in the Neighborhood is     $ 440000          to $ 975000          Total # of Properties: 26
Range of Listings in the Neighborhood is    $ 480000          to $ 1000000          Total # of Properties: 25
The Subject is an ☐ Over Improvement ☐ Under Improvement ☑ Appropriate Improvement for the Neighborhood.
Normal Marketing time in the area is: 2     Months
Are all types of financing available for the property? ☑ Yes ☐ No
Has the property been on the market in the last 12 months? ☐ Yes ☑ No     List Amount $:          List Date:
Has the property been sold in the last 12 months? ☐ Yes ☑ No     Sold Amount $:          Sold Date:
Is the Subject currently Listed for Sale? ☑ Yes ☐ No     Current List Price $: 998888          List Date:  01/30/2024
Starting Listing Price: 998888
If listed, provide the brokers:Name: Misako Natsuma          Firm: Realty One          Phone # 702-209-4319
Price Reduction First:          DOM:          Second:          DOM:          Third:          DOM:
To the best of your knowledge, why did it not sell?  Marketing time is low and price
Subject's Last Sale Price $          Sales Date
Additional Prior Sale Price within past 24 months $          Sales Date
Unit Type: ☐ CO-OP ☐ High-Rise Condo ☐ Low-Rise Condo ☐ Manufactured ☐ Mobile Home ☐ Multi-family
☐ Other ☐ SFR Attached ☑ SFR Detached ☐ Townhome ☐ Unknown
HOA: ☐ Yes ☑ No          If condo or other association Fee exists:          Fee delinquent?
The fee includes:
Association Contact:          Name:          Phone #
Project Name:          Total Number of Units:          Legal Action ☐ Yes ☑ No

## III. COMPETITIVE CLOSED SALES

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | COMPARABLE NUMBER 2 | COMPARABLE NUMBER 3 |
|---|---|---|---|---|
| Address | 8660 Giles St<br>Las Vegas, NV  89123 | 9435 Windham Heights Ct<br>Las Vegas,  NV | 3345 W Arby Ave<br>Las Vegas,  NV | 4175 W Wigwam Ave<br>Las Vegas,  NV |
| Proximity to Subject | | 1.30 miles | 1.71 miles | 1.29 miles |
| Sale Price | | $ 925000 | $ 950000 | $ 975000 |
| Data Source | Tax | Mls | Mls | Mls |
| Price/Gross Living Area | | $ 374.80     Sq. Ft. | $ 316.46     Sq. Ft. | $ 384.62     Sq. Ft. |
| Sale Type (REO, Short sale, etc.) | | Fair Market | Fair Market | Fair Market |
| Listing Price & Listing Date | | 925000     01/08/2024 | 999999     02/18/2023 | 975000     12/08/2023 |
| Sale Date & Days On Market | | 01/22/2024     2 | 09/15/2023     154 | 12/08/2023     302 |
| Property Type | | Sfr | Sfr | Sfr |
| Market Location | Suburban | Suburban | Suburban | Suburban |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | Fee Simple | Fee Simple |
| Lot Size/Unit | 24829 | 15246 | 22216 | 47916 |
| # of Units | 1 | 1 | 1 | 1 |
| View | Neighborhood | Neighborhood | Neighborhood | Neighborhood |
| Year Built | 2002 | 2011 | 1986 | 1996 |
| Property Condition | Average | Average | Average | Average |
| Above Grade | Total     Bdms     Baths | Total     Bdms     Baths | Total     Bdms     Baths | Total     Bdms     Baths |
| Room Count | 7     3     2.5 | 7     3     2 | 7     3     2 | 8     4     3 |
| Living SqFt | 2395 | 2468 | 3002 | 2535 |
| Basement SqFt | 0 | 0 | 0 | 0 |
| Garage Size/ Type | 0 | 3 | 7 | 2 |
| Other/ Functional Utility | None | Pool | Pool | Pool |
| Adjustment | | $ -46000 | $ -74879 | $ -27580 |
| Adjusted Price | | $ 879,000 | $ 875,121 | $ 947,420 |

## IV. COMPETITIVE LIST

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | COMPARABLE NUMBER 2 | COMPARABLE NUMBER 3 |
|---|---|---|---|---|
| Address | 8660 Giles St<br>Las Vegas, NV  89123 | 10016 Ryan Rivera Way<br>Las Vegas, NV | 8545 Procyon St<br>Las Vegas, NV | 62 E Ford Ave<br>Las Vegas, NV |
| Proximity to Subject | | 1.64 miles | 0.90 miles | 0.13 miles |
| Data Source | Tax | Mls | Mls | Mls |
| Price/Gross Living Area | Sq Ft | $ 343.08      Sq Ft | $ 402.58      Sq Ft | $ 341.35      Sq Ft |
| Listing Price | | $ 864559 | $ 1000000 | $ 888888 |
| Orig List Price | | $ 864848 | $ 1000000 | $ 888888 |
| Days On Market | | 25 | 36 | 24 |
| Property Type | | Sfr | Sfr | Sfr |
| Market Location | Suburban | Suburban | Suburban | Suburban |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | Fee Simple | Fee Simple |
| Lot Size/Unit | 24829 | 13068 | 17424 | 20038 |
| # of Units | 1 | 1 | 1 | 1 |
| View | Neighborhood | Neighborhood | Neighborhood | Neighborhood |
| Year Built | 2002 | 2024 | 1997 | 2001 |
| Property Condition | Average | Average | Average | Average |
| Above Grade | Total      Bdms      Baths | Total      Bdms      Baths | Total      Bdms      Baths | Total      Bdms      Baths |
| Room Count | 7        3        2.5 | 7        3        2.5 | 8        4        3 | 10        4        3.5 |
| Living SqFt | 2395 | 2520 | 2484 | 2604 |
| Basement SqFt | 0 | 0 | 0 | 0 |
| Garage Size/ Type | 0 | 3 | 8 | 3 |
| Other/ Functional Utility | None | None | Pool | None |
| Adjustment | | $ 12125 | $ -25000 | $ -38,273 |
| Adjusted Price | | $ 876,684 | $ 975000 | $ 850,615 |

## V. CURRENT OCCUPANCY STATUS

Occupancy Status: ☑ Owner   ☐ Rental   ☐ Vacant                     Property Secured: ☑ Yes   ☐ No

Ownership Status: ☑ Main Residence   ☐ Rented   ☐ Unknown

## VI. MARKETING OCCUPANCY STRATEGY

Occupancy Status: ☑ Owner   ☐ Rental   ☐ Vacant          Most Likely Buyer: ☑ Owner Occupant   ☐ Investor   ☐ Unknown

Estimated Rent per month for the subject:  $ 2500          Typical monthly rent for the neighborhood:  $ 2500

Marketing Strategy: ☑ As-is   ☐ Repaired   ☐ Minimal Lending Required Repairs

## VII. REPAIRS

Itemize ALL repairs needed to bring property from its present "as is" condition to average marketable condition for the neighborhood. Check those repairs you recommend that we perform for most successful marketing of the property.

**Exterior**                                                      **Interior**

☐ _____   _____   ☐ _____   _____

☐ _____   _____   ☐ _____   _____

☐ _____   _____   ☐ _____   _____

☐ _____   _____   ☐ _____   _____

☐ _____   _____   ☐ _____   _____

**Total Exterior Repairs:  $**                          **Total Interior Repairs:    $**

**GRAND TOTAL FOR ALL REPAIRS  $**

## VIII. THE MARKET VALUE

The value must fall within the indicated value of the Competitive Closed Sales

| | As-Is Value | Repaired Value |
|---|---|---|
| 30 Days Quick Sale Price | $ 900000 | $ 900000 |
| 90-120 Days List Price | $ 950000 | $ 950000 |
| 90-120 Days Sale Price | $ 940000 | $ 940000 |
| Per Square Foot Price | $ 392 | $ 392 |
| Liquidation Price | $ 900000 | $ 900000 |

**IX. COMMENTS**

**Include specific positives/negatives, special concerns, encroachments, easements, water rights, environmental concerns, flood zones, etc. Attach addendum if additional space is needed.**

Subject Notes:
Subject view is obstructed by surrounding fence as such you can see much of the house. I had to go out three miles to find comps that were similar.  Adjustments are $97 per square foot, $10000 for bedroom, $8000 for full bath , $4000 for half bath , $10000 garage space, $20000 for pool.
SEARCHED FOR SIMILAR COMPS WITH MATCHING BEDROOM AND BATHS AND WAS NOT ABLE TO FIND THEM.

Comparable List 1 Notes :
Mls comments : Brand New Richmond American Designer Home * - features include - 10 ceilings w/8 doors throughout, dining room w/butlers pantry ILO study, walk-in shower at primary bath, courtyard wall and gate, center-meet sliding patio doors at great room, patio door at primary bedroom, Smart wifi programable thermostat, upgraded and addl. insulation, solar conduit, BBQ stub, soft water loop, GE Plus stainless-steel appliance pkg. w/pyramid hood, Premier maple cabinets w/painted linen finish and door hardware; nook cabinets, upgraded quartz kitchen and bath countertops, tile backsplash at kitchen, upgraded stainless-steel kitchen sink and faucet, addl. ceiling fan prewires and lighting, upgraded stainless-steel bath faucets and accessories, upgraded carpet and ceramic tile flooring throughout; two-tone interior paint, upgraded interior trim pkg., laundry sink and cabinets, home theater prewire, + more! ***SPECIAL*** (for a limited time) Ask about our Washer/Dryer/Refrigerator Bonus!!!

Comparable List 2 Notes :
Mls comments : Spectacular home that features stunning mountain views, a pool+spa+fire pit, TWO separate (but connected) garages totaling over 1,500 square feet(!) AND gated/covered RV parking! NO HOA! Looking for space for all your toys? This is your dream home! Both garages have new epoxy flooring and the back garage features reclaimed wood walls! The 4 bedroom home features a spacious master suite with a fully remodeled bath, a large 2nd bedroom with ensuite bath, upgraded bathroom counters, rolling window shutters for your security and updated flooring throughout! The remodeled kitchen features Egyptian marble counters, new backsplash, upgraded vent hood, and a farm style sink! Theres also a water filter system, whole house humidifier, tankless water heater, and new solar system! While youre in the backyard enjoying a beautiful sunset it may feel secluded, but if youre in the mood for some world-class excitement and dining, the Strip is a short drive away! Town and country living at its best!

Comparable List 3 Notes :
Mls comments : Location! Location! Location! CAN BE POTENTIALLY REZONED to CRT/C-P/C-1/P-F ZONE (Check out with CLARK COUNTY ZONING department)This spacious, Single-level home on an 20,038 SF oversized lot, One block from Las Vegas Blvd, minutes away from the fabulous Las Vegas Strip. RV parking, No HOA, The house has 4 bed rooms with addition entrances, Which makes for great investment property. (*NEXT TO THIS PROPERTY, HAVE ANOTHER PROPERTY I ALSO LISTED.LAND IS NEXT TO EACH ANOTHER.8660 Giles Street .LAS VEGAS, NV 89123 MLS # 2556337)

Comparable Sale 1 Notes :
Mls comments : Stunning one-story semi-custom three-bedroom home with separate Casita. Nestled in a quaint custom cul de sac, all lots are over 1/3 acre*North of Southern Highland - I15 and Silverado Ranch west exit.* The main home features attractive premium wood-like flooring. A lovely open country kitchen with a large center Island and separate eat-in bar height counter centers between the library, an office, and the family great room with a fireplace. The floor plan is well-designed and balanced, with the primary bedroom away from the guest bedrooms. The Primary bedroom features furniture quality built-in closets, a large attached bath, a soaking tub, and a separate shower. The detached Casita is ideal as a fourth bedroom, a guest quarters, an art studio, or a home office. The brick-paved courtyard entry enhances the outdoor living for our spring and fall months. The pool is ideally placed in the yard, and the Patio has electric sunscreens. A standing greenhouse has water.

Comparable Sale 2 Notes :
Mls comments : Combining style, comfort & convenience this custom modern and highly updated home on 1/2 acre lot is ready for you*Over 3000sqft of living space includes a guesthouse, ideal for visitors*New Gourmet kitchen w/ample storage, quartz counters & stainless appliances*Primary Bath features a luxurious oversized shower, new cabinetry, dual sinks & sleek quartz counters, the perfect space to relax & refresh*Notable upgrades to improve your living experience include Sunburst shutters & motorized shades, vaulted ceilings, Tile & laminate wood-look floors, designer light fixtures*Ready for your work & creativity, the home office has a custom desk, built-in cabinetry & natural light*Whether you are hosting gatherings, enjoying the inviting pool or sitting by the fire-pit, the huge backyard provides endless possibilities for recreation & relaxation*No HOA*RV parking & Multi-Use Workshop complete this amazing cul-de-sac home*Minutes away from Shopping, restaurants, sports venues, airport & the Strip

Comparable Sale 3 Notes :
Mls comments :  Great single-story 4 bdrm/3 bath custom home on 1+ acre lot in SW. Equestrian zoned with 3 stall wall barn, covered hay area and tack shed! Looking for space THIS IS IT! Open floor plan-great room, vaulted ceilings & 2-way fireplace. Spacious kitchen features island/breakfast bar, granite counters, double oven, garden window & recessed lighting. This home boasts dual owner suites - Primary suite#1 has walk-in closet w/custom organizers, bathroom with double sinks, separate shower and jetted tub. Large secondary suite w/full bath too. Large 3rd bdrm with a walk-in closet. Oversized 2-car garage w/cabinets, workbench and A/C unit. Amazing backyard with mature landscaping, heated pool/spa, built-in BBQ island, full-length covered patio, gazebo and mountain views. Space w/endless possibilities for whatever you choose. Side RV gate. Private well and septic. Original Owner-well maintained. Great location-minutes from airport, LV strip, Allegiant Stadium, & more!

Market Notes :
Active inventory is at a 2 months supply.

Neighborhood Notes :
Location has good appeal and properties are above average.

Pricing Notes :
The most weight was placed on sale three as it is the most similar.

Listing Notes :
The most weight was placed on sale three as it is the most similar.

Signature:  *Digitally signed by Michael Rivera*        Date:   02/24/2024

Name:   Michael Rivera

CONTINGENT AND LIMITING CONDITIONS: The BPO (Broker's Price Opinion) that appears in the report is, at a minimum, subject to the following conditions :

1. The BPO is not an appraisal and is not purported to comply with the Uniform Standards of Professional Appraisal Practice; Appraisal standards under the Title XI of the Financial Institutions Reform, Recovery , and Enforcement Act; Appraisal Standards of the Federal Financial Institutions Regulatory Agencies; or FNMA/FHLMC Appraisal Guidelines.

2. The broker is not responsible for matters of a legal nature that affect either the property being evaluated or the title to it. The broker assumes that the title is good and marketable and, therefore, does not render any opinions about the title. The property is evaluated as though under responsible ownership. The broker is not required to give testimony or appear in court because he or she performed a BPO of the property in question, unless specific arrangements to do so have been made prior to the broker's engagement.

3. Unless otherwise specifically noted in the report, an interior inspection of the subject property has not been completed. Unless otherwise stated in the report, the broker has assumed that there are no adverse conditions, hidden or apparent, (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and makes no guarantees or warranties, express or implied, regarding the condition of the property. The broker will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. The report is not an environmental assessment of the property.

4. The broker obtained the information, estimates, and opinions that were expressed in the report from sources that he or she considers to be reliable and believes them to be true and correct. The broker does not assume responsibility for the accuracy of such items.

5. Unless otherwise noted, this BPO is based on the "asis" condition of the subject. If however, the report and BPO conclusions are subject to satisfactory completion, repairs or alterations, the broker assumes that completion of the improvements will be performed in a work man like manner.

6. The broker must provide his or her prior written consent before the client may distribute the report's conclusions about the property value , the broker's identity and professional designations , and references to any professional organizations or the firm with which the broker is associated to anyone other than the borrower, the mortgagee or its successors and assigns or the mortgage insurer; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the broker's prior written consent . Unless otherwise noted, the broker has not inspected the exterior of the properties listed as comparables in this report. The broker has not authorized anyone to make a change to any item in the report; therefore, if any change is made to the report, the broker will assume no responsibility for it.

**SUBJECT PROPERTY PHOTO ADDENDUM**

| Borrower: | VICTOR SORIANO | | File #: | |
|---|---|---|---|---|
| Property Address: | 8660 Giles St | | Case #: | |
| City: | Las Vegas | State: NV | Zip: 89123 | |
| Lender: | Shellpoint Mortgage Services - Collateral Management | | | |



Subject Front

Appraised Date:
Appraised Value: $



Address Verification



Street Scene



Angled side photo 1



Angled side photo 2

**COMPARABLE SALES PHOTO ADDENDUM**

| | |
|---|---|
| Borrower: VICTOR SORIANO | File #: |
| Property Address: 8660 Giles St | Case #: |
| City: Las Vegas | State: NV   Zip: 89123 |
| Lender: Shellpoint Mortgage Services - Collateral Management | |



Comparable Sale #1

9435 Windham Heights Ct
Las Vegas,  NV

Sale Date:    01/22/2024
Sale Price: $  925000



Comparable Sale #2

3345 W Arby Ave
Las Vegas,  NV

Sale Date:    09/15/2023
Sale Price: $  950000



Comparable Sale #3

4175 W Wigwam Ave
Las Vegas,  NV

Sale Date:    12/08/2023
Sale Price: $  975000

**COMPETING LISTING PHOTO ADDENDUM**

| Borrower: | VICTOR SORIANO | | File #: | |
|---|---|---|---|---|
| Property Address: | 8660 Giles St | | Case #: | |
| City: | Las Vegas | State: NV | Zip: | 89123 |
| Lender: | Shellpoint Mortgage Services - Collateral Management | | | |



Competing Listing #1
10016 Ryan Rivera Way
Las Vegas, NV

Listing Price: $    864559

Days-On-Market:    25



Competing Listing #2
8545 Procyon St
Las Vegas, NV

Listing Price: $    1000000

Days-On-Market:    36



Competing Listing #3
62 E Ford Ave
Las Vegas, NV

Listing Price: $    888888

Days-On-Market:    24

**LOCATION MAP**

| Borrower: | VICTOR SORIANO | File #: | ▮ |
|---|---|---|---|
| Property Address: | 8660 Giles St | Case #: | |
| City: | Las Vegas | State: NV | Zip: 89123 |
| Lender: | Shellpoint Mortgage Services - Collateral Management | | |



blue = sales comps, green = listing comps, purple = rental comps

**Tax Property 360 Property View**

# 8660 Giles Street, Las Vegas, NV 89123-1610    Active 01/30/2024

Tax

## Owner Information

| | | | |
|---|---|---|---|
| Owner Name: | **Soriano Victor** | Owner Name 2: | **Soriano Maribel** |
| Mailing Address: | **8660 Giles St** | Mailing Address City & State: | **Las Vegas Nv** |
| Mailing Zip: | **89123** | Mailing Address ZIP + 4 Code: | **1610** |
| Carrier Route: | **C005** | Owner Occupied: | **Yes** |
| Owner Vesting: | **Joint Tenants** | | |

## Location Information

| | | | |
|---|---|---|---|
| School District Name: | **Clark County** | School District: | **Clark County** |
| Census Tract: | **002828** | Zoning: | **R-E** |
| Township-Range-Section: | **22-61-16** | Lot #: | **1** |

## Estimated Value

| | | | |
|---|---|---|---|
| Estimated Value: | **$947,300** | Estimated Value Range High: | **$1,021,200** |
| Estimated Value Range Low: | **$873,400** | Value As Of: | **02/12/2024** |
| Confidence Score: | **87** | Forecast Standard Deviation: | **8** |

(1) RealAVM™ is a CoreLogic® derived value and should not be used in lieu of an appraisal.
(2) The Confidence Score is a measure of the extent to which sales data, property information, and comparable sales support the property valuation analysis process. The confidence score range is 60 - 100. Clear and consistent quality and quantity of data drive higher confidence scores while lower confidence scores indicate diversity in data, lower quality and quantity of data, and/or limited similarity of the subject property to comparable sales.
(3) The FSD denotes confidence in an AVM estimate and uses a consistent scale and meaning to generate a standardized confidence metric. The FSD is a statistic that measures the likely range or dispersion an AVM estimate will fall within, based on the consistency of the information available to the AVM at the time of estimation. The FSD can be used to create confidence that the true value has a statistical degree of certainty.

## Tax Information

| | | | |
|---|---|---|---|
| APN: | ████████ | | |
| Alt. APN: | | Tax Area: | **635** |
| Tax Appraisal District: | **635** | % Improved: | **60** |
| Property Tax Year: | **2024** | Property Tax Amount: | **$3,485** |
| Tax Year associated with Net Tax Amount: | **2024** | Current Year Net Tax Amount (Total Tax less Exemptions and Credits): | **$3,485** |
| Legal Description: | **PARCEL MAP FILE 50 PAGE 98 LOT 1** | | |

## Assessment & Taxes

| Assessment Year | 2024 | 2023 | 2022 |
|---|---|---|---|
| Assessed Value - Total | **$196,903** | **$179,113** | **$164,721** |
| Assessed Value - Land | **$78,750** | **$70,000** | **$64,750** |
| Assessed Value - Improved | **$118,153** | **$109,113** | **$99,971** |
| YOY Assessed Change ($) | **$17,790** | **$14,392** | |
| YOY Assessed Change (%) | **10%** | **9%** | |
| Market Value - Total | **$562,580** | **$511,751** | **$470,631** |
| Market Value - Land | **$225,000** | **$200,000** | **$185,000** |
| Market Value - Improved | **$337,580** | **$311,751** | **$285,631** |
| | | | |
| Tax Year | 2024 | 2023 | 2022 |
| Total Tax | **$3,485.18** | **$3,227.29** | **$2,988.44** |
| Change ($) | **$258** | **$239** | |
| Change (%) | **8%** | **8%** | |

## Characteristics

| | | | |
|---|---|---|---|
| County Use: | **Single Family Residential** | Universal Land Use: | **Sfr** |
| Lot Area: | **24,829** | Lots Acres: | **0.570** |
| Year Built: | **2002** | Effective Year Built: | **2002** |
| Stories: | **1.0** | Total Rooms: | **7** |
| Bedrooms: | **3** | Full Baths: | **2** |
| Half Baths: | **1** | Building Sq Ft: | **2,395** |
| Above Grade Area: | **2,395** | Gross Area: | **3,046** |
| Total Building Area: | **3,046** | First Floor Sq Ft: | **2,395** |

| | | | |
|---|---|---|---|
| Number of Dining Rooms: | **1** | Exterior: | **Frame/Stucco** |
| Parking Type: | **Attached Garage** | Parking Size Sq Ft: | **651** |
| Number of Buildings: | **1** | Cooling Type: | **Central** |
| Heat Type: | **Forced Air** | Floor Covering Material: | **CARPET** |
| Flooring Material: | **CONCRETE** | Porch: | **Patio/Porch** |
| Patio/Deck Type: | **Concrete Block Patio** | Primary Porch Sq Ft: | **308** |
| Secondary Porch Sq Ft: | **384** | Roof Material: | **Concrete Tile** |
| Sewer Type: | **Septic Tank** | Building Quality: | **FAIR** |

## Building Features

| Feature Type | Unit | Size/Qty | Width | Depth | Year Built | Value |
|---|---|---|---|---|---|---|
| **Paving - Concrete** | S | 2,217 | | | | |
| **Concrete Block/Slump/Sq Ft** | S | 4,170 | | | | |
| Septic | U | 1 | | | | |

LVR DEEMS INFORMATION RELIABLE BUT NOT GUARANTEED. IT IS A VIOLATION TO PROVIDE DETAIL PRINTOUTS TO A CUSTOMER/CLIENT.

| Borrower: | VICTOR SORIANO | | File #: | ■■■■■ |
|---|---|---|---|---|
| Property Address: | 8660 Giles St | | Case #: | |
| City: | Las Vegas | State: NV | Zip: | 89123 |
| Lender: | Shellpoint Mortgage Services - Collateral Management | | | |



aerial



**TIFFANY & BOSCO, P.A.**
Krista J. Nielson, Esq.
Nevada Bar No. 10698
Regina A. Habermas, Esq.
Nevada Bar No. 8481
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 23-72012

Attorneys for *Secured Creditor* NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2007-OA3 Mortgage Pass-Through Certificates, Series 2007-OA3

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK Case No.: 23-12257-mkn |
| VICTOR ALEJANDRO SORIANO AKA VICTOR ALENJANDRO SORIANO FLORES AKA VICTOR A. SORIANO, | Chapter 11 |
| | **CERTIFICATE OF SERVICE** |
| Debtor, | |

### <u>CERTIFICATE OF SERVICE</u>

1.   On this 13th day of March, 2024, I served the following documents:

**OPPOSITION TO SECOND RENEWED MOTION TO VALUE COLLATERAL PURSUANT TO §506(A)**

2.   I caused to be served the above-named document by the following means to the persons as listed below:

   X   **a. ECF System**

> Seth D Ballstaedt
> help@bkvegas.com
> Attorney for Debtor

1

Timothy W Nelson
tnelson@encpas.com
Trustee

U.S. Trustee – LV – 11
USTPRegion17.lv.ecf@usdoj.gov
U.S. Trustee

Justin Charles Valencia
justin.c.valencia@usdoj.gov
Attorney for U.S. Trustee

X   **b. United States mail, postage fully prepaid:**

Seth D Ballstaedt
8751 W. Charleston Blvd Suite 220
Las Vegas, NV 89117
Attorney for Debtor

Victor Alejandro Soriano aka Victor Alenjandro Soriano Flores
aka Victor A. Soriano
2750 W. Wigwam Ave Apt 2239
Las Vegas, NV  89123
Debtor

**I declare under penalty of perjury the foregoing is true and correct.**

DATED this 13th day of March, 2024.


By:   /s/ Michelle Benson

2