1  Terri H. Didion, Assistant United States Trustee
2  State Bar No. CA 133491
   Justin C. Valencia, Trial Attorney
3  State Bar No. NE 25375 | State Bar No. IA AT0012006
   United States Department of Justice
4  Office of the U.S. Trustee
   300 Las Vegas Boulevard So., Suite 4300
5  Las Vegas, Nevada 89101
6  Telephone: (702) 388-6600
   Facsimile: (702) 388-6658
7  Email: justin.c.valencia@usdoj.gov

8  Attorneys for TRACY HOPE DAVIS
9  United States Trustee for Region 17

10          **UNITED STATES BANKRUPTCY COURT**
11              **DISTRICT OF NEVADA**

12  | In re: | Case No. 23-12257-MKN |
    | | Chapter 11, Subchapter V |
13  | VICTOR ALEJANDRO SORIANO, | |
14  | *aka* VICTOR ALENJANDRO SORIANO | Hearing Date: April 24, 2024 |
    | FLORES, | Hearing Time: 9:30 a.m. |
15  | *aka* VICTOR A. SORIANO, | Tel. Conference Line: (669) 254-5252 |
    | | Meeting ID: 161 062 2560 |
16  | Debtor. | Passcode: 029066# |
17  | | |
    | | Est. Time: 10 minutes |
18

19        **MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO**
20  **11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE**
    **1017(f) AND 9014, TO DISMISS CASE WITH ONE-YEAR BAR TO REFILING**
21           **AND RESERVATION OF RIGHTS**

22        Tracy Hope Davis, United States Trustee for Region 17 ("U.S. Trustee"), by and through

23  her undersigned counsel, hereby files this *Motion of the United States Trustee, Pursuant to 11*

24  *U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss Case*

25  *With One-Year Bar to Refiling and Reservation of Rights* (the "Motion").[1]

26

27
   _____
28  [1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11
   U.S.C. section 101 *et. seq.*, unless otherwise indicated.  All references to "FRBP" are to the
   Federal Rules of Bankruptcy Procedure. "FRE" refers to the Federal Rules of Evidence; "LR"

                                    1

## <u>INTRODUCTION</u>

The U.S. Trustee seeks the dismissal of the above-captioned case filed by Debtor, Victor Alejandro Soriano (the "Debtor"), with a one-year bar to refiling.

"Cause" exists to dismiss or convert this Chapter 11, Subchapter V case because the Debtor has failed to: (1) maintain appropriate insurance; (2) provide information and documents reasonably requested by the U.S. Trustee; (3) timely file four monthly operating reports ("MORs"); (4) file a plan within the statutory deadline under Section 1189(b) and include the required statutory contents under Section 1190(1); (5) confirm a Chapter 11, Subchapter V plan; (6) comply with Court Orders; and, (7) expeditiously prosecute the above-captioned bankruptcy case. Further, the Debtor lacks a reasonable likelihood of rehabilitation. The U.S. Trustee has also established additional cause for the entry of an order barring the Debtor from re-filing any bankruptcy case for one-year, unless the Debtor obtains an order from this Court allowing him to file for good cause shown. For these reasons, the U.S. Trustee has established cause to dismiss this case pursuant to Sections 1112(b)(1), (4).

The U.S. Trustee reserves rights to take any action necessary under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the U.S. Bankruptcy Court for the District of Nevada.

The Motion is supported by the following Memorandum of Points and Authorities and the Declaration of U.S. Trustee Bankruptcy Auditor, Carla K. Cordero (the "Cordero Decl.").

---

refers to the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada; and "ECF No." refers to the documents filed in case number 23-12257-MKN.

The U.S. Trustee also requests that the Court take judicial notice of the pleadings and documents filed in this bankruptcy case pursuant to FRBP 9017 and FRE 201. To the extent that the Motion contains factual assertions predicated upon statements made by Debtor or by Debtor's agents in documents filed in this case, the U.S. Trustee represents that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND FACTS AND PROCEDURAL POSTURE

1.    On June 2, 2023, the Debtor filed a voluntary chapter 11 bankruptcy petition ("Petition"). [*See* ECF No. 1].

2.    The Section 341 Meeting of Creditors was concluded on July 20, 2023. [*See* ECF Nos. 19 & 23].

3.    The Court entered an Order for Seth Ballstaedt of the Ballstaedt Law Firm dba Fair Fee Legal Services to be employed as Debtor's Counsel on September 29, 2023. [*See* ECF No. 59].

4.    The Debtor's schedules and statement of financial affairs show: (1) two Single-family homes located at 8660 Giles Street, Las Vegas, NV 89123 and 62 East Ford Avenue, Las Vegas, NV, 89123 valued at $560,000 and $631,341 respectively ("Real Property"); and (2) miscellaneous personal and household items valued at $9,065.00. [*See* ECF No. 17; *see also* Cordero Decl.].

5.    The Debtor has filed to timely file four MORs. [*See* Cordero Decl.].

6.    On February 13, 2024, the Office of the U.S. Trustee emailed Debtor's counsel requesting updated certificates of insurance for the Debtor's 2003 Chrysler Truck Voyager Van and real property 62 E. Ford Avenue in Las Vegas, Nevada. [*See* Codero Decl.]. The insurance policy on the 62 E. Ford Avenue real property expired on January 16, 2024. [*Id*.]. As of the date of this Motion, the Debtor has not provided an updated insurance certificate. [*Id*.].

7.    The Debtor's Chapter 11, Subchapter V plan was due by August 31, 2023. [*See* ECF No. 1, docket notation].

8.    The Debtor's filed a plan of reorganization on August 31, 2023, which did not include projections with respect to the Debtor's ability to make payments under the proposed plan.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[*See* ECF No. 49; *see also* Cordero Decl.]. The Debtor then filed amended plans on September 5, 2023, and January 17, 2024. [*See* ECF Nos. 50, 107; *see also* Cordero Decl.]. The Debtor appears to have little to no equity available for the benefit of creditors according to the Liquidation Summary attached to Amended Chapter 11 Small Business Plan Number 3. [*See* ECF No. 107, p. 6 of 12 of the .pdf; *see also* Cordero Decl.].

9.      As of the date of this Motion, the Debtor has not confirmed a Chapter 11, Subchapter V plan. [*See* Cordero Decl.; *see also* docket report *generally*].

10.     The Court has granted an order approving the procedures and fixing the deadlines relating to the proposed chapter 11 plan of reorganization. [*See* ECF No. 52].

11.     On November 14, 2023, secured creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon ("NewRez") filed a notice to the bankruptcy docket of the above-captioned case of their rejection to the Debtor's amended plan of reorganization, and furthermore stated under penalty of perjury that neither the Creditor nor undersigned counsel received a ballot for use in voting of the plan. [*See* ECF No. 88 at p. 2 ln. 5-6].

12.     Several plan objections have been filed in the above-captioned case. [*See* ECF Nos. 83, 89, 125]. NewRez's objection to confirmation noted that the Debtor filed five prior cases, similar to the docket notation on the official docket report in this case, noting that all were dismissed. [*See* ECF No. 125 pp. 3-4 of 24 of the .pdf; *see also* docket notation after ECF No. 7]. All five of the prior cases were dismissed for failure to comply with the Bankruptcy Code. [*See* Cordero Decl.].

13.     The Debtor's Renewed Motion to Use Cash Collateral includes an attached Budget titled Exhibit A. [*See* ECF No. 62, p. 4 of 6 of the .pdf.]. Exhibit A provides for property taxes, insurance, utilities, and maintenance/repairs and does not include any expenses for or payments to

the Debtor's non-filing spouse. [*Id*.]. The Court's Order granting the use of cash collateral, similarly, does not authorize the Debtor to make payments for expenses or payments to the Debtor's non-filing spouse. [*See* ECF No. 102]. However, it appears the Debtor has made ten payments to his non-filing spouse which appears to violate the Court's Order on the use of cash collateral. [*See* Cordero Decl.]

## II.     JURISDICTION AND VENUE

14.     The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334(a), 1334(b), and 157(b).

15.     The U.S. Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

16.     The U.S. Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and FRBP 1017 and 9014.

17.     Venue of this case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.     ARGUMENT & DISCUSSION

### A.     Cause Exists Under 11 U.S.C. § 1112(b)(1) and 1112(b)(4) to Dismiss or Convert This Bankruptcy Case.

18.     11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

19.     Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated*

5

*Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001).  The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b).  *Id.*

20.     As movant, the U.S. Trustee bears the burden of establishing by a preponderance of the evidence that cause exists.  *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted).  And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate.  *In re Sullivan*, 522 B.R. at 612.

**B.     Cause Exists Under 11 U.S.C. § 1112(b)(4)(C) because Debtor Failed to Maintain Appropriate Insurance.**

21.     According to 11 U.S.C. §1112(b)(4)(C), a chapter 11 case should be dismissed or converted if the debtor's "failure to maintain appropriate insurance…poses a risk to the estate or to the public."  When a debtor owns real property with structures, Section 1112(b)(4)(C) requires that the debtor maintain property and liability insurance to protect the estate.  *In re Blixesth,* 2009 LEXIS 1628 at *13- 17 (Bankr. Mont. May 29, 2009); *In re Perez*, 2014 LEXIS 2202 at *4 (Bankr. E.D. Cal. May 14, 2014*); Gilroy v. Ameriquest Mortgage Co., et al. (In re Gilroy),* 2008 LEXIS 3968 at *14-16 (B.A.P. 1st Cir. Aug. 4, 2008); and *In re Renewable Energy, Inc.* No. WW-15-1089-KuJuTa, 2016 Bankr. LEXIS 4256, at *8, *9  (B.A.P. 9th Cir. Dec. 9, 2016).

22.     Debtor, as a fiduciary of the estate, is required under the Bankruptcy Code and the United States Guidelines to maintain appropriate insurance coverage.  Here, Debtor has no insurance on the real property located at 62 E. Ford Avenue in Las Vegas, Nevada as the insurance policy expired on January 16, 2024. [*See* Cordero Decl.]. Therefore, an asset of the bankruptcy

6

estate is not protected against loss.  Accordingly, failure to provide insurance coverage is "cause" for dismissal or conversion of this case.

### C. Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(H) because Debtor Failed to Provide Information and Documents Reasonably Requested by the U.S. Trustee.

23.    "Cause" under Section 1112(b)(4)(H) states that a case shall be converted or dismissed if a debtor fails to timely provide information or attend meetings reasonably requested by the U.S. Trustee. See 11 U.S.C. §§ 1112(b)(1) and (b)(4)(H).

24.    On February 13, 2024, the Office of the U.S. Trustee made a reasonable request that Debtor produce an insurance policy on the real property 62 E. Ford Avenue in Las Vegas, Nevada as the insurance policy expired on January 16, 2024. [*See* Cordero Decl.]. To date, the Debtor failed to provide the requested insurance document. [*Id*.].

25.    Because the Debtor failed to respond to this reasonable request for this insurance policy, the Court should grant the relief requested in the Motion and enter an order dismissing or converting this case.

### D. Cause Exists Under 11 U.S.C. § 1112(b)(4)(F) because Debtor Failed to Timely File Four MORs.

26.    "Cause," as used in Section 1112(b)(1), is defined in pertinent portions of Section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
> . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> . . .

*See* 11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

27.    The Debtor has failed to timely file four MORs in this case. [*See* Cordero Decl.]. MORs are required by applicable United States Trustee Guidelines, as well as the Bankruptcy

7

Code and Rules. [2]  As other Courts have held, monthly reports and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC),* 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted).  *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

28.    The Debtor's delay in filing the MORs constitutes cause to convert or dismiss this case under Section 1112(b).  Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or reporting requirement."  11 U.S.C. § 1112(b)(4)(F) (emphasis added).  *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late").

29.    Accordingly, there is cause to dismiss or convert this bankruptcy case pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

**E.    Cause Exists Under 11 U.S.C. § 1112(b)(4)(J) because Debtor Failed to File a Plan Within the Statutory Deadline under Section 1189(a) and Include the Required Statutory Contents under Section 1190(1).**

30.    Section 1112(b)(4)(J) provides that cause for dismissal or conversion includes "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court."

---

[2] The applicable U.S. Trustee Guidelines ("Guidelines") provide that each chapter 11 Debtor "shall file with the court and contemporaneously serve on the United States Trustee a report for every calendar month or portion thereof during which the case is pending." *See* Region 17: U.S. Trustee Guidelines, available at https://www.justice.gov/ust/ust-regionsr17/file/guidelines.pdf/dl. *See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("The UST is charged with supervising the administration of Chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities.  28 U.S.C. § 586(a)(3). To perform this role, the U.S. Trustee has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill.").  In addition, FRBP 2015(a)(2) and (3), and LR 2015.4 require the filing of periodic reports as the United States Trustee requires.

31.     Section 1189(b) sets forth the timelines for filing a plan for a Subchapter V bankruptcy, providing that "The debtor shall file a plan not later than 90 days after the order for relief under this chapter."  *See* 11 U.S.C. § 1189(b).

32.     Section 1190(1) is a mandatory requirement that every Chapter 11, Subchapter V plan "shall include" […] (C) Projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization. *See* 11 U.S.C. § 1190(1).

33.     At the time of filing this Motion, the Debtor filed a voluntary petition electing to proceed under Subchapter V of Chapter 11 more than 290 days ago. [*See* ECF No. 1; *see also* Cordero Decl.]. The Debtor's Chapter 11, Subchapter V plan was due on August 31, 2023. [*See* ECF No. 1, docket notation].  On August 31, the Debtor filed a subchapter V plan on the last day fixed by statute.  [*See* ECF No. 49; *see also* Cordero Decl.]. The Debtor's Chapter 11, Subchapter V plan filed August 31, 2023, failed to include "projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization," which is a mandatory requirement for subchapter V plans. [*See* Cordero Decl.].

34.     Because the Debtor failed to file a Chapter 11, Subchapter V plan within the statutory deadline <u>and</u> include the required projections under Section 1190(1)(C), cause exists to dismiss or convert this case. *See In re No Rust Rebar, Inc.,* 641 B.R. 412, 27 (Bankr. S.D. Fla. 2022) (finding that a plan that does not meet the requirements of section 1190(1) is a material insufficiency that constitutes cause for conversion).

**F.      Cause Exists Under 11 U.S.C. §1112(b)(4)(J) Because Debtor Has Failed to Confirm a Chapter 11, Subchapter V Plan.**

35.     Section 1112(b)(4)(J) provides that cause for dismissal or conversion includes "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

36.    The foundation of §1112(b)(4)(J) is rooted in the fact that "filing and confirmation of a plan is central to the progress of a successful Chapter 11 process." *In re Babayoff,* 445 B.R. 64, 78 (Bankr. E.D.N.Y. 2011). "[T]he plan is the framework for the debtor's reorganization and exit from bankruptcy." *Id.*

37.    For the reasons stated above and because the Debtor has filed but not confirmed a Chapter 11, Subchapter V plan as of the date of this Motion, cause exists to dismiss or convert this case pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(J). [*See* Cordero Decl.; *see also* Bankruptcy Docket *generally*].

G.    C**ause Exists Under 11 U.S.C. § 1112(b)(4)(E) because Debtor Failed to Comply with an Orders of the Court.**

38.    Section 1112(b)(4)(E) provides that a debtor's "failure to comply with an order of the court" is "cause" to convert or dismiss a chapter 11 case. 11 U.S.C. § 1112(b)(4)(E). This section gives effect to the notion that compliance with a court order is a fundamental obligation of the Debtor. As one court said, "[b]ecause . . . violations [of a court's orders] are disrespectful to the Court, they are disrespectful to the judicial process." *In re Robino*, 243 B.R. 472, 487 (Bankr. N.D. Ala. 1999). Further, this section does not require that the Debtor's failure to comply be willful, in bad faith, or fraudulent. *In re Babayoff*, 445 B.R. at 80 (Bankr. E.D.N.Y. 2011).

39.    Here, the record establishes that the Debtor failed to follow the procedures and deadlines set by the Court relating to the proposed chapter 11 plan of reorganization, violating the Court's Order. [*See* ECF Nos. 52, 88].

40.    Further, Debtor's Renewed Motion to Use Cash Collateral (the "Cash Collateral Motion") states that the Debtor "seeks leave to utilize the revenue generated by its investment properties to maintain the properties, management, provide services to tenants, for payment of maintenance expenses, real estate taxes, insurance premiums, utilities incurred by the investment properties, and for no other purposes" and the "balance of revenue collected will be segregated and

not used for other purposes." [*See* ECF No. 62]. The Cash Collateral Motion includes an attached Budget titled Exhibit A. [*See* ECF No. 62, p. 4 of 6 of the .pdf; *see also* Cordero Decl.]. Exhibit A provides for property taxes, insurance, utilities, and maintenance/repairs and does not include any expenses for or payments to the Debtor's non-filing spouse. [*Id.*]. The Court's Order granting the use of cash collateral, similarly, does not authorize the Debtor to make payments for expenses or payments to the Debtor's non-filing spouse. [*See* ECF No. 102; *see also* Cordero Decl.].

41.     A review of the MORs filed by the Debtor in this case reveals payments to the Debtor's non-filing spouse which appears to violate the Court's Order granting the Debtor's use of cash collateral. [*See* Cordero Decl. at ¶ 16].

42.     Based on the foregoing, cause exists to convert or dismiss the Debtor's case pursuant to 11 U.S.C. § 1112(b)(4)(E).

**H.     Cause Exists Under 11 U.S.C. § § 1112(b)(1) and 1112(b)(4) Because Debtor Has Failed to Expeditiously Prosecute this Bankruptcy Case.**

43.     Cause to dismiss or convert a Chapter 11 case also includes a debtor's failure to expeditiously prosecute its case. *In re Babayoff*, 445 B.R. at 79 (holding that because "[a] debtor's failure to make meaningful and substantive progress toward the confirmation of a plan . . . is nearly always prejudicial to creditors,] . . . a debtor cannot wallow in chapter 11.") (quotations and citations omitted); *In re Milford Conn. Assocs.*, L.P., 389 B.R. 303, 309 (Bankr. D. Conn. 2008) ("Chapter 11 debtors cannot 'have their cake and eat it too'; the extraordinary relief provided by the bankruptcy laws comes with a price . . . includ[ing] the responsibility to pursue an open and expeditious reorganization…"); *In re Van Brunt*, 46 B.R. 29, 30 (Bankr. W.D. Wis. 1984) ("The Chapter 11 debtor is a fiduciary of his creditors . . . and is obligated to prosecute his bankruptcy proceeding in an expeditious manner") (citations omitted).

44.     This case was filed on June 2, 2023, over 290 days ago. [*See* ECF No. 1; *see also* Cordero Decl.]. As of the date of this Motion, the Debtor has violated the Court's Order by failing

to distribute plan packages to creditors in accordance to the procedures fixed by the court under

Fed. R. Bankr. P. 3017.2, failed to file a subchapter V plan that included the mandatory

requirements under section 1190 before the deadline set by statute, and has failed to timely file

four MORs.  [*See* Cordero Decl.; *see also* ECF Nos. 49, 52, 88 *and* Bankruptcy Docket *generally*].

Additionally, the Debtor has not confirmed a chapter 11 plan of reorganization or provided an

updated certificate of insurance reasonably requested by the U.S. Trustee.  [*See* Cordero Decl., *see*

*also* ECF Nos. 1, 49, 50, 107 *and* Bankruptcy Docket *generally*].

45.    The Debtor's failure to expeditiously prosecute this case constitutes cause to

convert or dismiss this case within the meaning of Sections 1112(b)(1) and 1112(b)(4).

**I.    Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A) Because Debtor Lacks a Reasonable Likelihood of Rehabilitation.**

46.    "Cause" exists to dismiss or convert this case because the Debtor cannot effectuate

a plan. *See In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011) ("[The "causes" listed in

Section 1112(b)(4)] are 'illustrative, not exhaustive'.... Courts recognize that cause under Section

1112(b) may be established where the record shows that the Debtor cannot effectuate a plan."); *see*

*also Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989) (dismissal for inability to effectuate a

plan is "appropriate where the debtor's failure to file an acceptable plan after a reasonable time

indicates its inability to do so whether the reason for the debtor's inability to file is its poor

financial condition, the structure of the claims against it, or some other reason."); *Lippman v. Big*

*Six Towers, Inc*., 2021 WL 1784312, at *3 (E.D.N.Y. May 5, 2021); ("[I]t is well established that a

bankruptcy court can dismiss a debtor's case because of the debtor's inability to confirm a feasible

plan of reorganization.").

47.    As discussed above, multiple secured creditors have objected to the Debtor's

Chapter 11, Subchapter V plan while this case has been pending for over 290 days without being

confirmed. [*See* ECF Nos. 83, 89, 125; *see also* Cordero Decl. and docket report *generally*].

Accordingly, cause exists to convert or dismiss this case.

> ### J.    Once Cause is Established, the Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).

48.    Once "cause" is established, the burden then shifts to the debtor to demonstrate that § 1112(b)(2) precludes relief under Section 1112(b)(1). *In re* Sanders v. United *States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013). The only exception to dismissal or conversion would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1).  For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time.  *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015).  As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate.  *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

49.    The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.  [*See* Bankruptcy Docket *generally*].

///

///

///

///

13

1
2

**K.    Dismissal of Debtor's Case Should Be With One-Year to Refiling Under 11 U.S.C. §§ 109(g), 349(a) and 1112(b).**

3

50.    Once a court has determined that cause to dismiss exists,[3] it must then decide

4

what form of dismissal should apply. *See Ellsworth v. Lifescape Med. Assocs., P.C. (In re*

5

*Ellsworth),* 455 B.R. 904, 922 (B.A.P. 9th Cir. 2011).

6
7

51.    11 U.S.C. § 349(a) instructs that unless otherwise ordered by the Court, dismissal

8

is without prejudice to the filing of a subsequent bankruptcy petition. Section 349(a) establishes

9

a general rule that dismissal of a case is without prejudice, but expressly grants a bankruptcy

10

court the authority to dismiss the case with prejudice. *See Franco v. U.S. Tr. (In re Franco),* No.

11

CC-15-1281-KiTaL, 2016 Bankr. LEXIS 2185 (B.A.P. 9th Cir. June 2, 2016).

12
13

52.    "Although section 1112(b) does not explicitly require that a case be filed in 'good

14

faith,' courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition

15

establishes cause for dismissal." *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994). Good faith

16

depends on an amalgam of factors, not specific fact or facts. *In re Hanna*, Nos. EW-17-1238-

17

BJF, 16-03437-FPC, 2018 Bankr. LEXIS 1146, at *14 (B.A.P. 9th Cir. Apr. 13, 2018),

18

(quotations and citations omitted).

19

53.    Good faith is lacking only when the debtor's actions are clear abuse of the

20

bankruptcy process. Although case law enumerates specific "causes" for which a case may be

21
22
23

---

[3] Dismissal of this case is the appropriate remedy because of the lack of available assets in the Debtor's estate and the apparent lack of equity in the Debtor's Real Property. [*See* ECF Nos. 17, 107; *see also* Cordero Decl.].  When there are few assets to administer, dismissal is the better course of action.  *See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010).  The Real Property is the Debtor's only significant assets, which leaves virtually no other assets to administer. As such, dismissal is the appropriate remedy in this case. In the alternative, the United States Trustee does not object to the Court converting the case to chapter 7, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate.

24
25
26
27
28

14

dismissed under section 1112(b), the good faith inquiry is essentially directed to two questions: (1) whether the debtor is trying to abuse the bankruptcy process and invoke the automatic stay for improper purposes; and (2) whether the debtor is really in need of reorganization. *See In re Marshall*, 298 B.R. 670, 680-81 (Bankr. C.D. Cal. 2003), (quotations and citations omitted).

54.    The present case was filed with a lack of good faith. The Debtor has filed five cases that were dismissed for failure to comply with the Bankruptcy Code. [*See* Cordero Decl.]. The Debtor <u>in this case</u>, *inter alia*, has failed to provide evidence of insurance, confirm a Chapter 11, Subchapter V plan while this case has been pending for over 290 days, violated Court Orders, and failed to timely file MORs – <u>once again</u>, failing to comply with the requirements set forth in the Bankruptcy Code.

55.    Indeed, the Debtor has failed to comply with the Bankruptcy Code and Rules which are incumbent upon every debtor who invokes the automatic stay and seeks relief from their creditors. Simply put, the Debtor has not demonstrated that he is serious about his need for a reorganization warranting a bar to refiling pursuant to 11 U.S.C. § 109(g).[4]

## **RESERVATION OF RIGHTS AND REQUEST TO RETAIN JURISDICTION**

The U.S. Trustee reserves her rights to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court and requests that that the Court retain jurisdiction over issues arising under 11 U.S.C. §§ 329, 330 and FRBP 2014, 2016 and 2017, related to payments made to professionals in the event the Court dismisses this case.

///

///

---

[4] The Bankruptcy Code gives the Court authority to sanction for cause by imposing a bar against re-filing a bankruptcy petition. The imposition of a bar need not be predicated on a history of "serial filing." In *In re Mitchell*, 357 B.R. 142 (Bankr. C.D. Cal. 2006), the Court held that filing of one Chapter 7 petition in bad faith is sufficient "cause" for a bankruptcy court to impose a 180-day bar against refiling another Chapter 7 petition. *See also* 11 U.S.C. § 349.

## <u>CONCLUSION</u>

**WHEREFORE**, the U.S. Trustee requests that the Court enter an order (a) granting the Motion; (b) dismissing the case with a bar to refiling under any chapter for a period of one year from the date of the entry of an order unless Debtor obtains an order from this Court allowing him to file for good cause shown or, in the alternative, converting the case to Chapter 7 if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate; and, (c) granting such other relief as is just under the circumstances.

Date: March 20, 2024                    Respectfully Submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: <u>*/s/ Justin C. Valencia*</u>
    Justin C. Valencia, Esq.
    Trial Attorney for the U.S. Trustee

16